## WARREN *v.* STATE.

[66 South. 979.]

INDICTMENT AND INFORMATION. *Variance. Time of offense.*
    Where, on a trial for crime, the evidence clearly shows that the
    offense was committed after the finding of the indictment, a con-
    viction cannot be sustained.

APPEAL from the circuit court of Wayne county.
HON. J. L. BUCKLEY, Judge.
William Warren was convicted of grand larceny and
appeals.
The facts are fully stated in the opinion of the court.

*Luther K. Saul,* for appellant.

Section 1428 of the Code of 1906, with its exceptions
to the common-law rule does not cure the error com-

plained of in this case.  The indictment does not allege the crime to have been committed at a subsequent date and if it did, here is a crime committed, if committed at all, after the indictment was returned.  Proof of a crime committed after the date laid in the indictment is incompetent.  See *Moses* v. *State,*—Miss.—; 56 So. 457.

The crime must be alleged and proved to have been committed prior to the date of the indictment.  Underhill on Criminal Evidence (2 Ed.), section 23, citing *Turner* v. *State,* 89 Ga. 424, 15 S. E. 488; *Commonwealth* v. *Graves,* 112 Mass. 282; *State* v. *Hughes,* 82 Mo. 86; *Hardy* v. *State* (Tex.), 44 S. W. 173.

In all cases the state is bound to establish some time at which the offense was committed with reference to which all the essentials of the offense must be established. Such date must be shown to have been committed within the period of limitations, and before the finding of the indictment. 22 Cyc. page 446, citing *Minhinnett* v. *State,* 106 Ga. 141, 23 S. E. 19; *St. Joseph* v. *Dienger,* 165 Mo. 95, 65 S. W. 223; *Arcia* v. *State,* 28 Tex. App. 198.

I shall not discuss the other grounds alleged for a reversal of this case as I believe that the one discussed is amply sufficient to reverse, which I sincerely believe should be done.

*Ross A. Collins,* Attorney-General for the state.

The only point argued in the brief of appellant's counsel and argued as the reason for reversal of this case, is that the proof shows the commission of the crime subsequent to the date alleged in the indictment.  However, the weakness of his proposition is that he assumes as proven the facts upon which he predicates his argument.

It is true that in the testimony of two of the witnesses, T. A. Mills and Mrs. Ruth Moore, it was stated that the theft occurred in April, 1909, while the indictment alleged the theft on January 1, 1909.  In this connection

it is to be remembered that the trial of this case occurred some five years after the crime was committed, and while the said witnesses may have testified erroneously as to the year, they, together with all the other witnesses in the case, are of one accord as to all the essential details establishing the identity of the crime. T. A. Mills testified that it was in the month of April and that he went before the grand jury before said grand jury brought the indictment.

From the testimony of Mrs. Ruth Moore it is most obvious that the identity of the crime to which she testified in point of time, place and object as well as the name of defendant is the same one alleged in the indictment. Witnesses Trigg for the state, Mrs. Warren and Truman Mills for the appellant, likewise testified beyond the least doubt that the identity of the crime is the same as alleged in the indictment and while they did not testify positively as to the year in which the crime was alleged to have been committed, they state definitely as to all the other elements of the crime.

The crime alleged in the indictment has been supported by ample proof and the identity of the crime is proven beyond cavil, inasmuch as all the essentials of it have been conclusively established. The jury took into consideration the time intervening between the commission of the crime and the date of trial and reconciled the discrepancy in the dates testified to by reference to all of the details of the offense proven and admitted and they then found their verdict accordingly, and I submit that the indictment in all respects is wholly sustained by the proof and that the judgment of the court below should be affirmed.

REED, J., delivered the opinion of the court.

The indictment charging appellant with stealing a horse was returned on January 9, 1909. The evidence for the state clearly and definitely showed that the horse

was stolen in April, 1909, some three months after the indictment was filed. We fail to find any evidence in the proof from which we can decide that the state's witnesses made a mistake in their testimony fixing the date when the horse was taken in April, 1909. As the proof shows that the crime was committed on a date subsequent to the filing of the indictment, we cannot uphold the conviction of appellant.

*Reversed and remanded.*